*68125*

*Rec'd Sept 28-2010*

IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSISSIPPI

DIANE PINSON                                                PLAINTIFF

V.                                              CAUSE NO. 10CV-367-SC-C

NORTHERN TOOL & EQUIPMENT
COMPANY, INC; INTERNATIONAL
MERCHANDISING SERVICE, INC. D/B/A
ULTIMATE SOLUTION TOOLS; ABC
CORPORATIONS (A-D), AND JOHN DOES (A-D)           DEFENDANTS

## SUMMONS

TO ANY SHERIFF OR OTHER PERSON AUTHORIZED TO SERVE PROCESS:

You are hereby commanded to Summon:

    Northern Tool & Equipment Company, Inc.
    c/o Chuck Albrecht, President and COO
    2800 Southcross Drive W
    Burnsville, MN 55306

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the Complaint to KEN R. ADCOCK, attorney for the Plaintiff, at ADCOCK & MORRISON, 199 Charmant Drive, Suite 1, Post Office Box 3308, Ridgeland, MS 39158. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

    You must also file the original of your response with the Clerk of this Court within thirty (30) days of the date of delivery of the Summons and Complaint.

    ISSUED UNDER my hand and the seal of said Court, this the 17th day of September, 2010.

                                                     JOE RIGBY
                                                     SCOTT COUNTY CIRCUIT CLERK

                                                     BY: Rebecca Bray, D.C.

**Exhibit A**

Rec'd Sept 28-2010

IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSISSIPPI

DIANE PINSON  PLAINTIFF

V.  CAUSE NO. 10CV-367-SC-C

NORTHERN TOOL & EQUIPMENT
COMPANY, INC; INTERNATIONAL
MERCHANDISING SERVICE, INC. D/B/A
ULTIMATE SOLUTION TOOLS; ABC
CORPORATIONS (A-D), AND JOHN DOES (A-D)  DEFENDANTS

## SUMMONS

TO ANY SHERIFF OR OTHER PERSON AUTHORIZED TO SERVE PROCESS:

You are hereby commanded to Summon:

> Northern Tool & Equipment Company, Inc.
> c/o Chuck Albrecht, President and COO
> 2800 Southcross Drive W
> Burnsville, MN 55306

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to KEN R. ADCOCK, attorney for the Plaintiff, at ADCOCK & MORRISON, 199 Charmant Drive, Suite 1, Post Office Box 3308, Ridgeland, MS 39158. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within thirty (30) days of the date of delivery of the Summons and Complaint.

ISSUED UNDER my hand and the seal of said Court, this the 17th day of September, 2010.

JOE RIGBY
SCOTT COUNTY CIRCUIT CLERK

BY: Rebecca Day, D.C.

IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSISSIPPI

DIANE PINSON                                                                   PLAINTIFF

V.                                                                  CAUSE NO. 10-CV-367-SC-C

NORTHERN TOOL & EQUIPMENT
COMPANY, INC; INTERNATIONAL
MERCHANDISING SERVICE, INC. D/B/A
ULTIMATE SOLUTION TOOLS; ABC
CORPORATIONS (A-D), AND JOHN DOES (A-D)                                        DEFENDANTS

**FILED FOR RECORD**
IN THE CIRCUIT COURT
SCOTT COUNTY, MISSISSIPPI
SEP 17 2010
JOE RIGBY, CIRCUIT CLERK

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW, the Plaintiff, Diane Pinson, by and through counsel, and files this her Complaint against the Defendants, and would show unto this Honorable Court the following, to-wit:

1.  Plaintiff, Diane Pinson, is an adult resident citizen of Lake, Scott County, Mississippi.

2.  Defendant, Northern Tool & Equipment Company, Inc., (hereinafter "Northern Tool"), is a foreign corporation organized under the laws of the State of Minnesota, doing business in the State of Mississippi and may be served with process by certified mail pursuant to Rule 4 of the Mississippi Rules of Civil Procedure though its President and COO, Chuck Albrecht, at 2800 Southcross Drv W, Burnsville, MN, 55306.

3.  Defendant, International Merchandising Service, Inc. d/b/a/ Ultimate Solution Tools, (hereinafter "International"), is a foreign corporation organized under the laws of the State of California, doing business in the State of Mississippi and may be served with process by certified mail pursuant to Rule 4 of the Mississippi Rules of Civil Procedure through its registered agent, Peter Song, at 1928 W Malvern Ave, Fullerton, CA 92833.

4.  Defendants ABC Corporations (A-D) are corporations involved in the design,

manufacturing, or marketing of the defective scaffold at issue who are unknown. Defendants John Does (A-D) are individuals involved with the design, manufacturing, or marketing of the scaffold at issue who are unknown. Plaintiff moves this Honorable Court to allow it to amend her complaint when the identities of these corporations or individuals are disclosed so that they may be included as parties.

## JURISDICTION AND VENUE

5. The accident which is the subject of this complaint occurred in Forest, Mississippi, Scott County, on September 16, 2008 and jurisdiction and venue are proper in this court.

## FACTS

6. On or about May 23, 2006, Plaintiff, Diane Pinson's brother, Joe McGee, ordered a Northern Industrial 500 LB Heavy Duty Scaffolding, item number 143262, through his business, Joe McGee Construction, from the Defendant, Northern Tool & Equipment Company, Inc. This scaffold is believed to have been designed, manufactured, and marketed by the Defendant, International Merchandising Service, Inc. This scaffold contained no safety features to prevent the pins holding the sides to the platform from backing out or no other safety features to prevent the collapse of the scaffold while in use.

7. At the time of the design, manufacturing, and sale of the scaffold, the standard of the industry required the inclusion of one or more safety features to prevent the collapse of the scaffold.

8. On or about September 16, 2008, the Plaintiff had borrowed the scaffold referenced above from her brother, Joe McGee, and was using said scaffolding while doing decorative painting. This scaffold was in the same condition that it was in when originally purchased by Joe McGee Construction. While Plaintiff was standing on the scaffold to paint a wall, the scaffold suddenly, and

2

without warning collapsed and caused the Plaintiff to fall approximately four to five feet and sustaining permanent and disabling injuries and damages set forth hereinafter. If one or more of the safety devices used in the industry in 2006 and earlier had been used on this scaffold, the scaffold would not have collapsed and caused the injuries and damages to Plaintiff.

9. As a direct and proximate result of the negligence and fault of the Defendants, Plaintiff suffered permanent and disabling injuries from the collapse of the scaffolding, including a comminuted fractured tibia, which required surgery with numerous permanent fixation devices. As a proximate result of these injuries, Plaintiff has sustained past and future loss of wages and wage-earning capacity, and sustained past medical expenses and will require future medical treatment throughout her lifetime.

## COUNT I - STRICT LIABILITY/NEGLIGENCE

10. Plaintiff readopts and reasserts all allegations of paragraphs 1-9 above.

11. Plaintiff would show unto the Honorable Court that the scaffolding equipment is believed to have been designed by Defendant, International and Defendant, Northern Tool, and was manufactured and placed onto the market in a defective and unreasonably dangerous condition by way of its design and manufacture. The Defendants wrongfully and negligently manufactured an improperly designed scaffolding without the inclusion of reasonable safety features to prevent the pins holding the sides of the scaffold to the platform from backing out, or other safety features, to prevent the collapse of the scaffold.

12. The design, manufacture, marketing and sale of the subject scaffolding were done when Defendants knew or should have known that the scaffold was unsafe, inadequate, and specifically was improperly, inadequately, negligently, and unsafely designed, and manufactured and

3

did not meet the standards of the industry. Both Defendants, International and Northern Tool, knew or should have known, that without installation of a safety device such as those used by other manufacturers, who complied with the standards of the industry, the product would collapse and proximately cause the injuries suffered by the Plaintiff.

13. The Plaintiff would show that the Defendants either knew or should have known the potential dangers of its product, and had a duty to warn of the danger of collapse without including safety features and failed to do so. That Defendant, Northern Tool, either knew, foresaw, or reasonably should have foreseen the potential dangers of the product it was selling as an ordinary wholesaler of scaffolds, and would show that the discontinuation of the subject product without safety features and sale of other similar products with safety features constituted knowledge of the subject products. Furthermore, Defendant, Northern, sold the product identifying itself as the manufacturer but the scaffold contained no identifying name of any manufacturer in violation of the law. That both Defendants, International and Northern Tool, are therefore guilty of negligence in failing to warn and negligent in design, manufacture, and sale of an unreasonably dangerous product and are strictly liable for all damages and injuries caused to the Plaintiff.

14. The Defendants, International and Northern Tool, breached its duty owed to the Plaintiff in the following particulars:

    a. When they failed to properly design, manufacture, inspect and test the integrity of the restraining pin prior to the production and sale of the scaffolding apparatus;

    b. When they failed to adequately warn buyers and users of the danger of collapse when used under normal and reasonable circumstances without safety devices;

    c. When it marketed and sold an unreasonably dangerous product which it knew

4

or should have known was unsafe;

    d.    Failing to use reasonable design alternatives to include a similar safety feature which could have minimized and reduced the risk of collapse; and

    e.    Failing to design or use safety devices to prevent the scaffold from collapsing that were standard in the industry in 2006.

15.    The aforementioned breaches of duty and negligence on the part of the Defendants, International and Northern Tool, were the direct and proximate cause of the Plaintiff's injuries and damages, including, but not limited to the following:

    a.    Permanent and disabling personal injuries;

    b.    Pain and suffering;

    c.    Mental distress and emotional anguish;

    d.    Past and future medical expenses; and

    e.    Past and future lost wages and lost of wage-earning capacity.

### COUNT II - BREACH OF EXPRESS WARRANTY, IMPLIED WARRANTY, IMPLIED WARRANTY OF MERCHANTABILITY, AND IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

16.    Plaintiff readopts and reasserts all allegations of paragraphs 1-15 above.

17.    In addition, the Plaintiff alleges that the Defendants, International and Northern Tool, are liable to the Plaintiffs for breaches of express warranty, Miss. Code Ann. § 75-2-313, implied warranty of merchantability, Miss. Code Ann. § 75-2-314, and implied warranty of fitness for a particular purpose, Miss. Code Ann. § 75-2-315, in that the Defendants manufactured and sold the scaffolding and expressly and impliedly warranted its fitness for a particular purpose of any buyer or user. Plaintiff relied on and trusted both the implied and express warranties given by the

5

Defendants in regards to the scaffolding being fit, safe, and merchantable. However, said scaffolding was unsafe and unreasonably dangerous in its lack of safety design and as such was not merchantable or fit for its intended purpose or any reasonably foreseen purpose. As such, the injuries and damages sustained by the Plaintiff were the direct and proximate result of the breach of the express warranty provided with the product, implied warranty of merchantability, and implied warranty of fitness for a particular purpose by the Defendants.

### COUNT III - PUNITIVE DAMAGES

18. Plaintiff readopts and reasserts all allegations of paragraphs 1-17 above.

19. Because the Defendants actions were grossly negligent, wanton, willful, and with reckless disregard for the safety of the buyers and users of its product, Plaintiff is entitled to an award of punitive damages under Mississippi law.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant in an amount to be determined by a jury, in both actual and punitive damages, and for attorneys' fees and all costs of Court in filing this cause of action. PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

DIANE PINSON

BY: _____
Ken R. Adcock (MSB #1150)
Attorney for Plaintiff

ADCOCK & MORRISON, PLLC
199 Charmant Drive, Suite 1
Post Office Box 3308

6

Ridgeland, Mississippi 39158
Telephone: (601)898-9887
Facsimile: (601)898-9860

7