IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DIANE PINSON                                                        PLAINTIFF

v.                                              Civil Action No. 3:10cv621-TSL-MTP

NORTHERN TOOL & EQUIPMENT
COMPANY, INC., ET AL.                                            DEFENDANTS

## ORDER

THIS MATTER is before court on the Emergency Motion [89] to Compel the Deposition
of Diane Pinson and the Second Motion [93] to Extend the Expert Designation Deadline filed by
Defendants.  Having considered the submissions of the parties and the applicable law, the court
finds that the Motion [89] to Compel should be granted in part and denied in part and that the
Motion [93] to Extend the Expert Deadline should be granted.

In their Motion [89], Defendants complain of Plaintiff's counsel's conduct during
Plaintiff's deposition on October 17, 2012, claiming that counsel implemented a strategy of
making improper, frivolous and obstructive speaking objections to virtually every substantive
question.  Defendants seek an order granting the following relief: (1) compelling Plaintiff Diane
Pinson to re-appear for her deposition prior to the Defendants' expert designation deadline; (2)
overruling Plaintiff's counsel's improper speaking objections; (3) directing Plaintiff's counsel to
refrain from making any further obstructive or speaking objections; and (4) awarding Defendants
reasonable costs, expenses, and attorneys' fees.

Plaintiff denies the allegations in the motion, claiming her counsel never coached her or
instructed her not to answer.  Plaintiff states she has no objection to the resumption of the
deposition at a mutually convenient date.  Plaintiff requests reasonable costs, expenses, and
attorneys' fees incurred in responding to Defendants' "frivolous" motion.

The Federal Rules of Civil Procedure provide that "[t]he examination and cross- examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . . ." Fed. R. Civ. P. 30(c)(1). "An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "An objection must be stated concisely in a nonargumentative and nonsuggestive manner." *Id.* Objections should generally be limited to the form of a question or the responsiveness of an answer. Fed. R. Civ. P. 30(d) Advisory Committee's Note, 1993 amendments; *see also In re Neurontin Antitrust Litig.*, MDL Docket No. 1479, Master Civil Action No. 02-1390(FSH), 2011 WL 253434, at *12 (D.N.J. Jan. 25, 2011) (citing *Mazzeo v. Gibbons*, Civ. No. 08-1387, 2010 WL 3020021, at *2 (D.Nev. July 27, 2010)) (observing that "objections should be concise, non-argumentative, and non-suggestive, and hence . . . counsel should not (1) make speaking, coaching or suggestive objections; (2) coach or change the witness's own words to form a legally convenient record; (3) frustrate or impede the fair examination of a deponent during the deposition by, for example, making constant objections and unnecessary remarks; (4) make speaking objections such as "if you remember," "if you know," "don't guess," "you've answered the question," and "do you understand the question"; or (5) state that counsel does not understand the question").

Counsel "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* "The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or

frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2); *see also* Fed. R. Civ. P. 37.

      The court has reviewed the submissions of the parties, including the deposition transcript and the entire video of the deposition.  At the beginning of the deposition, the parties and their counsel stipulated that all objections, except as to the form of the question, were reserved until such time as the deposition, or any part thereof, may be used or is sought to be used in evidence. *See* Ex. A to Motion [89-1] at 4.  Despite this stipulation, a review of the transcript reveals that Plaintiff's counsel's objections, which included speaking objections, were indeed disruptive, obstructed the proceedings, and caused unnecessary delay.

      For example, the following exchanges ensued:

Q. Had you ever had any training with scaffolds with how to use them?

MR. ADCOCK: We object to the form. I don't know what kind of training you are talking about.  You know, if you -- you know, the question is abstract. Unless you understand what he's talking about.[1]

\*\*\*\*\*\*\*\*\*\*

Q. On this particular scaffold, the way it works, what did you understand at the time of the accident, if anything, about what could happen if the pins were not inserted properly?

MR. ADCOCK: Well, again, I object. She said that the only thing that was on the scaffold was unlock and lock.

BY MR. MONTGOMERY:

Q. What if it was not properly locked, what did you -- did you understand at the time the danger of it being not properly locked?

A. I knew it was locked.

---

[1]*See* Ex. A to Motion [89-1] at 19-20.

Q: I'm asking you: At the time of the accident –

A. Yes, sir.

Q. -- what was your appreciation for what could happen to somebody, if they are standing on the scaffold and that piece is not properly locked?

MR. ADCOCK: Objection. Calls for speculation on the part of the witness.

MR. MONTGOMERY: How?

MR. ADCOCK: She doesn't --

MR. MONTGOMERY: I'm asking her what she understood on the day of the accident.

MR. ADCOCK: She had used the -- She had used the scaffold. She said she made sure it was locked. And she never had any problem before this collapse. So it calls for -- That question calls on the witness to speculate. It never had been unlocked that she knew about to this day when she's been using it.[2]

After this exchange, Mr. Montgomery repeated this same question several times, and Plaintiff's counsel continued to object. This exchange continued for quite a while, as exhibited by the next nine pages of the transcript, including a break where the transcript was read off the record, and Plaintiff never answered the question. *Id.* at 26-35. Indeed, Plaintiff stated that she was "so nervous, [she was] shaking all over," and requested a break. *Id.* at 35. Soon after, the deposition was adjourned at the suggestion of the Defendants in order to get the issues before the court.

The court finds that Plaintiff shall re-appear for deposition at a mutually agreed date and time on or before November 9, 2012. Counsel for the parties are directed to conduct themselves in accordance with the Federal Rules of Civil Procedure and the Local Uniform Civil Rules.

---

[2] *See* Ex. A to Motion [89-1] at 26-27. These are just a few examples. There are a number of other examples in the record where it appears that counsel for Plaintiff was suggesting that the client should not attempt to answer the question or where counsel attempted to answer the question or to seek clarification of a question that appeared to be clear to the witness and to the court. *See Id.* at 21:22-25; 24:19-24; 25:11-15; 26:6-8; 30:13-14; 33:3-6; 35:8-9.

Future disruptive conduct and speaking objections will not be permitted and will result in the imposition of sanctions as provided under the rules. *See Bordelon Marine, Inc. v. F/V KENNY BOY*, Nos. 09–3209, 09–6221, 2011 WL 164636, at *3-*6 (E.D. La. Jan. 19, 2011) (imposing sanctions on counsel pursuant to Fed. R. Civ. P. 30(d)(2) for improper conduct during a deposition).  As the deposition covered little ground and consisted mostly of disputes among counsel, the time spent in taking it thus far will not count towards the total time allotted for Plaintiff's deposition.  *See* Fed. R. Civ. P. 30(d)(1).

Finally, in her Response [97], Plaintiff requests that the court instruct Defendants to cooperate with her requests to provide dates they can make their representatives available for depositions.  The court is confident that the parties will confer in good faith and agree on dates for the Defendants' corporate depositions without the need for court intervention.  If not, the court will address the issue upon appropriate motion accompanied by the attorneys' good faith certificate as required by L.U.Civ.R. 37(a).  Accordingly,

IT IS, THEREFORE, ORDERED:

1.     That the Defendants' Emergency Motion [89] to Compel the Deposition of Diane Pinson is GRANTED in part and DENIED in part with each party to bear its own costs and fees.  The court, in its discretion, declines to impose sanctions at this time, but will do so if the speaking objections and disruptive conduct continues.

2.     That the Defendants' Second Motion [93] to Extend the Expert Designation Deadline is granted.  Defendants' expert designation deadline is hereby extended to November 19, 2012.

3.     Plaintiff shall reappear for deposition on or before November 9, 2012, at a time and date to be agreed upon by the parties.

SO ORDERED this the 24th day of October, 2012.

s/ Michael T. Parker
United States Magistrate Judge